FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 0 8 2016 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

– against –

JOSEPH SOLOMON,

Defendant.

---

16-CR-286

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

**Appearances**

**For United States:**

David N. Gopstein
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6153
david.gopstein@usdoj.gov

**For Defendant:**

Douglas G. Morris
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
718-330-1209
douglas_morris@fd.org

i

# Table of Contents

I.      Introduction ........................................................................................................1
    A.  Instant Offenses ...............................................................................................1
    B.  Arrest ...............................................................................................................2
    C.  Guilty Plea .......................................................................................................2
    D.  Sentencing Hearing...........................................................................................2
II.     Offense Level, Category, and Sentencing Guidelines Range...........................2
III.    Law.....................................................................................................................3
IV.     18 U.S.C. § 3553(a) Considerations..................................................................5
V.      Consistency in Sentencing................................................................................6
VI.     Sentence ............................................................................................................7
VII.    Conclusion .........................................................................................................7

## I.      Introduction

Defendant is a fifty-four year old Jamaican citizen, born in Kingston, Jamaica. Presentence Investigation Report, Sept. 15, 2016 ("PSR"), at 2.  On June 21, 2016, he pleaded guilty to one count of importation of cocaine into the United States pursuant to 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(3).  *See* Pleading Tr., June 21, 2016, ECF No. 13 ("Pleading Tr.").  On October 18, 2016, defendant was sentenced to time served of approximately 6 months, supervised release for 3 years, and a $100 special assessment.  *See* Sentencing Hr'g Tr., Oct. 18, 2016 ("Sent. Hr'g").  Following his release from custody in the present case, he is expected to be deported. *See id.*

### A.      Instant Offense

On May 5, 2016, defendant traveled aboard a flight leaving from Kingston, Jamaica, and arriving in Queens, New York.  PSR at ¶ 2.  Upon arrival at John F. Kennedy International Airport ("JFK"), he was selected for a Customs and Border Protection ("CBP") examination. *Id.* While inspecting defendant's suitcase, CBP officers noted the bottom of the suitcase was unusually thick and discovered cocaine.  *Id.*  A Drug Enforcement Administration ("DEA") laboratory analysis showed that the net weight of the cocaine totaled 886 grams.  *Id.* at ¶ 4.

In his post-arrest statements to Homeland Security Investigations ("HSI") agents, defendant explained that he had received the cocaine on consignment from an individual in St. Elizabeth, Jamaica, packed the cocaine into the suitcase himself, and planned to find buyers for the cocaine in the United States. *Id.* at ¶ 3. Defendant stated that he would earn approximately $30,000 from selling the cocaine. *Id.*

**B.    Arrest**

Mr. Solomon was arrested on May 5, 2016, after his arrival at JFK in Queens, New York. *Id.* at ¶ 2. He has remained in federal custody since his arrest. *Id.* at ¶ 38.

**C.    Guilty Plea**

On June 21, 2016, defendant pleaded guilty to one count of importation of cocaine into the United States pursuant to 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(3). *See* Pleading Tr. The offense carried a maximum term of imprisonment of 20 years. 21 U.S.C. § 960(b)(3). A special assessment of $100 was mandatory. 18 U.S.C. § 3013. The statutory provisions and Sentencing Guidelines ("Guidelines") impose a term of supervised release of 3 years. 21 U.S.C. § 960(b)(3); U.S.S.G. § 5D1.2(c).

**D.    Sentencing Hearing**

A sentencing hearing was conducted on October 18, 2016. *See* Sent. Hr'g. The proceedings were videotaped to develop an accurate record of the courtroom atmosphere, as well as some of the subtle factors and considerations that a district court must consider in imposing a sentence. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

**II.    Offense Level, Category, and Sentencing Guidelines Range**

Defendant's base offense level is 24. *See* PSR at ¶ 8. The offense level was reduced by: 2 points pursuant to U.S.S.G. section 3E1.1(a) for defendant's acceptance of responsibility; and 1

point pursuant to section 3E1.1(b) for the timely manner of defendant's intention to enter a plea of guilty. *Id.* at ¶¶ 8-17. The total adjusted offense level is 21. *Id.* at ¶ 17.

Defendant argued that the offense level should be reduced by an additional 4 points because defendant had a minimal role in the offense; namely, that he was merely a courier. Def.'s Sentencing Mem., Oct. 11, 2016, ECF No. 15 ("Def.'s Sent. Mem."), at 2. The government argued that this argument is contrary to defendant's own statement made to HSI agents following his arrest, in which he indicated his intent to find buyers for the cocaine himself. *See* PSR at ¶ 3; Gov't Sent. Mem., Oct. 17, 2016, ECF No. 17 ("Gov't Sent. Mem."), at 2-3; Sent. Hr'g. Because defendant offered no evidence to disprove his own statement and failed to show that he is entitled to a 4 point base offense reduction, his total offense level is 21. *See* Sent. Hr'g.

With a criminal history category of I, the Guidelines sentencing range for a defendant with a total adjusted offense level of 21 is 37 to 46 months. *See* U.S.S.G. Ch. 5 Pt. A; PSR at ¶ 43.

## III.  Law

Pursuant to the Supreme Court's decision in *United States v. Booker*, the Guidelines are advisory; a sentencing court may depart from the Guidelines in the interest of justice as well as in light of other statutory concerns as expressed in section 3553(a). *United States v. Booker*, 543 U.S. 220, 245-46 (2005); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) ("It is now, however, emphatically clear that the Guidelines are guidelines – that is, they are truly advisory. A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense.").

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of title 18, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now advisory rather than mandatory, *Booker*, 543 U.S. at 245-46, the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society, and our economy, parsimony in incarceration is to be prized. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary."); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## IV.   18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of defendant." 18 U.S.C. § 3553(a)(1).

Mr. Solomon was born in 1962 in Kingston, Jamaica. PSR at ¶ 25. He grew up having little contact with his biological father, an alcoholic, as his biological parents ended their relationship when he was an infant. *Id.* at ¶ 27. Mr. Solomon was raised and well-provided for by his mother, a homemaker, and step-father, with whom he shared close relationships. *Id.* at ¶¶ 25, 27. Mr. Solomon also had four siblings: three younger maternal half-brothers and one paternal half-brother. *Id.* at ¶ 26. In 1979, Mr. Solomon earned his high school diploma in Jamaica, and while attending high school, he also completed a two-year certification program in electrical engineering. *Id.* at ¶ 37. He initially worked for various electrical companies, including one company where his step-father worked. *Id.* at ¶ 39. In the early 1990s, Mr. Solomon's first and only child was born. *Id.* at ¶ 30.

At around the same time of his child's birth, Mr. Solomon's biological father passed away, at the age of 67, due to a head injury resulting from an alcohol-related accident. *Id.* at ¶ 25. In 1994, Mr. Solomon's step-father passed away, at the age of 49, for unknown reasons. *Id.* In October 2015, Mr. Solomon's half-brother passed away, at the age of 46, due to complications arising from a hernia. *Id.* at ¶ 26. Mr. Solomon's half-brother was not married and left behind a now 12 year-old son, Mr. Solomon's nephew, whose biological mother left him at infancy. *Id.* at ¶¶ 26, 31. After his half-brother passed away, Mr. Solomon's mother became the caregiver to the nephew. *Id.* Two months later, in December 2015, Mr. Solomon's mother passed away, at the age of 67, due to cancer. *Id.* at ¶ 25. Subsequently, Mr. Solomon and his partner of ten years moved into his late mother's home and began caring for Mr. Solomon's nephew. *Id.* at ¶ 31. Neither Mr. Solomon's son nor his nephew are aware of his arrest. *Id.* at ¶¶ 30-31.

Prior to his arrest, Mr. Solomon was a self-employed electrical engineer, primarily servicing air conditioners and completing pole line work. *Id.* at ¶ 39. Although his income was inconsistent, he earned up to 100,000 Jamaican dollars per month, the equivalent of approximately $790 per month. *Id.* at ¶ 39. Mr. Solomon's bank account in Jamaica contains about 4,000 Jamaican dollars, the equivalent of approximately $30. *Id.* at ¶ 40. He has no recent history of substance abuse, criminal activity, or mental or emotional health issues. *Id.* at ¶¶ 20, 35, 36. Mr. Solomon admits that he believed his offense was "an easy way out," and he has repeatedly accepted responsibility for this offense. *Id.* at ¶¶ 15-16; Sent. Hr'g.

Since his arrest, defendant has shown great remorse for this conduct. He provided information to the government relating to the offense. *See* PSR at ¶ 3. The interests of justice are best served by having him deported back to Jamaica immediately. Imposing a custodial sentence would require the United States to pay for defendant's incarceration, while preventing defendant from supporting his family. The cost to taxpayers to imprison defendant is approximately $31,976 annually. *See* Mem. from the Administrative Office of the U.S. Cts., Cost of Community Supervision, Detention, and Imprisonment, June 24, 2016.

## V. Consistency in Sentencing

This court has been attempting to rationalize its sentences by establishing general criteria for 'similar' cases. With respect to cases in which defendant is a noncitizen facing deportation following incarceration, this court has determined that, "[c]onsidering the grave hardships deportation entails, the nation's present deportation policy, and the core purposes of criminal sentencing, *see* 18 U.S.C. § 3553, imposition of minimal prison time with prompt deportation should be normal in such cases—subject to variations for individual circumstances." *United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *1 (E.D.N.Y. Sept. 24, 2014); *see also United States v. Sarpong*, No. 14-CR-242, 2014 WL 5363775, at *2 (E.D.N.Y. Oct. 21,

2014) (accounting for prospect of deportation when imposing a term of incarceration); *United States v. Palaguachy*, No. 14-CR-0184, 2014 WL 6606668, at *2 (E.D.N.Y. Nov. 19, 2014) (same); *United States v. Florez Parra*, No. 14-CR-332, 2015 WL 105885, at *2 (E.D.N.Y. Jan. 7, 2015) (same); *United States v. Chery*, No. 16-CR-181, 2016 WL 4491720, at *3 (E.D.N.Y. Aug. 25, 2016).

## VI.     Sentence

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. In light of the nature of the offense and the characteristics of defendant, Mr. Solomon is sentenced to time served of approximately 6 months. *See* Sent. Hr'g. A $100 special assessment was imposed. 18 U.S.C. § 3013. No fine was imposed in light of defendant's inability to pay one. *See* Sent. Hr'g. 3 years supervised release was ordered. *See id.* The remaining open count was dismissed on the government's motion. *See id.*

General and specific deterrence are achieved by the sentence imposed. Mr. Solomon pleaded guilty to a serious offense. He has expressed genuine remorse for his conduct and understands the gravity of his actions. Defendant served approximately 6 months in prison. He will be deported and will suffer the collateral consequences of a felony conviction, as well as the conditions of a 3 year supervised release term. It is highly unlikely that he will again violate the laws of the United States.

## VII.     Conclusion

All relevant elements of the Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

Jack B. Weinstein
Senior United States District Judge

Dated: October 27, 2016
      Brooklyn, New York